UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JANE DOE 1 on behalf of MINOR DOE 1,
JANE DOE 2, on behalf of MINOR DOE 2,
JANE DOE 3, on behalf of MINOR DOE 3,

                                                                      **COMPLAINT**

                              Plaintiffs,


          -against-                                       Jury Demand


THE CITY OF NEW YORK,
ADMINISTRATION OF CHILDREN SERVICES,
HORIZON JUVENILE CENTER,
JOHN AND JANE DOES 1-10

                              Defendants.
------------------------------------------------------------------------x


Children between 12 and early teens are at their most vulnerable stage in life and at a tender age
where their mind and body has not fully developed.

"The kids are great and easy to deal with. The staff is the biggest problem here."  Anonymous
current and former Horizon employees quote to plaintiff's lawyer.

   To address this ongoing and repeated abuse, this lawsuit is once again commenced against these

defendants. Plaintiffs JANE DOE 1 on behalf of MINOR DOE 1, JANE DOE 2, on behalf of

MINOR DOE 2, JANE DOE 3, on behalf of MINOR DOE 3, ("male Plaintiffs") by and through

their attorney Vik Pawar, Esq., respectfully allege as follows:

          1.       Plaintiffs bring this action for compensatory damages, punitive damages

and attorney's fees for violations of their civil rights, as secured by statutes and the

Constitution of the United States and the State of New York.  This action is brought

pursuant to 42 U.S.C. 1983 and 1988.

2.      Plaintiffs' lawsuit represents a sad but ongoing saga of unconstitutional abuses at HORIZON.

3.      It sadly represents the minor plaintiff's abuses while housed at a tender age and presumably for their safety and well-being at shelters run by the defendants.

## PARTIES

4.      Plaintiffs are citizens of the United States, and at all relevant times residents of the County of Bronx, and CITY and State of New York.

5.      Defendant CITY of New York (hereinafter "CITY") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.      Defendant Administration of Children Services ("ACS") is an agency operating under the auspices of defendant CITY and operates, manages and oversees defendant Horizon Detention Center ("HORIZON").

7.      Defendants John and Jane Does 1-10 ("individual defendants") are or were employed by the CITY at HORIZON and acted under the color of state law and are sued in their individual capacities.

## FACTS

8.      Plaintiffs are juveniles housed at Horizon which is overseen and run by defendants ACS and the City.

9.      Horizon has a persistent problem of overcrowding, understaffing, failure to train and protecting individuals like plaintiffs from assault by other inmates and staff at Horizon.

2

10.     Horizon is also notoriously known to have staff smuggle in contrabands and sell them to the juvenile detainees.

11.     These contrabands include cell phones, weapons and other unauthorized items that are prohibited inside Horizon.  While visitors are carefully searched to gain entry into Horizon, the staff are able to conceal and sneak contrabands into Horizon.

12.     Legal officers and lawyers are thoroughly searched and only permitted to bring a pen and file to visit the juvenile detainees.

**Past and Ongoing Incidents**:

13.     On September 23, 2025, the three minor plaintiffs were housed in J-Hall at Horizon.

14.     Approximately a month prior to September 23, 2025, one of the Minor 1 plaintiff called his guardian Jane Doe 1 and urgently requested and begged her to have him removed from J-Hall because some of the other juvenile detainees were planning an assault on him.

15.     Jane Doe 1 immediately contacted Horizon staff and relayed these concerns and begged them to remover Minor 1 from J-Hall due to an ongoing planned attack and threats against him.

16.     Horizon staff did nothing despite repeated pleas from Jane Doe 1.

17.     On September 23, 2025, Minor 1, Minor 2 and Minor 3 were all attacked and assaulted by the group of juveniles that Jane Doe 1 had warned Horizon staff about.

18.     Several months later, Minors 1, Minor 2 and Minor 3 were again attacked by the same group of individuals who attacked them in September.

19.     Most recently, on June 21, 2026, these minors were once again attacked.

3

20.    NYPD were called to the scene. Horizon refused to cooperate.

21.    The Jane Does 1-3 learned about this incident not from Horizon staff but from the news.[1]

22.    Horizon staff run their own fiefdom.

23.    They fail to inform parents of juvenile detainees when their minor children are taking to the hospital.

24.    They keep investigators at bay from investigating ongoing abuses at Horizon.

25.    They threaten retaliation and label juvenile detainees "snitches" if they or their guardian voice concerns about the safety of the juveniles.

26.    These reach the highest-ranking officers at ACS and Horizon.

27.    Minors 1, 2 and 3 are also subjected to full body cavity search where they have to spread their cheeks, showcase their genitals in view of other juveniles.

28.    These traumatizing and humiliating psychological abuse are in addition to the physical cuts and injuries that the Minor plaintiffs have suffered. They include permanent scars from razor cuts and blades, over 300 stiches, staples to their head, broken limbs, concussions among other injuries.

29.    Defendants' failure to give them timely and adequate care worsens the injuries that the Minor plaintiffs suffer and renders their development of their mind and brain to a stunted level.

---

[1]    https://thechiefleader.com/stories/workers-say-safety-concerns-were-ignored-prior-to-violent-juvie-riot,56938 ; https://abc7ny.com/post/11-injured-violent-clash-between-teens-officers-bronx-juvenile-facility/19350397/ ; https://www.cbsnews.com/newyork/news/bronx-juvenile-detention-center-brawl-weapons-investigation/

30. The individual defendants who were clearly understaffed failed to bring the situation under control and pull any emergency alarms to obtain additional assistance from other defendants employed at Horizon.

31. The individual defendants and staff are known to be inadequately trained and are always sleeping on the job. Some of these individual defendants simply stand by and laugh during the abuse.

32. The defendants also monitor calls, mails and emails to monitor which juvenile detainee is "snitching."

33. The entire incidents were all caught on camera.

### AS AND FOR A FIRST CAUSE OF ACTION
(*Monell- Deliberate Indifference*)

34. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. While the minor plaintiffs were detained at HORIZON, they were brutally beaten by other juvenile inmates.

36. This incident is the result of decades of inaction by the City and ACS to the behavior of the individual defendants identified herein at juvenile facilities operated by the City and ACS.

37. The City and ACS have long known about the problem of violence in juvenile facilities and their failure to prevent harm from other inmates. Prior lawsuits, public reports, government investigations, internal investigations, and criminal investigations have repeatedly shined a light on this persistent problem. More recently, but going back to 2019, the court-appointed monitor in *Nunez v. City of New York* has reported on problems at Horizon, including violence by officers against Horizons residents.

5

38.     Yet, City and ACS policymakers have failed to take necessary steps to remedy these conditions. The City and ACS have adamantly failed to properly supervise, train, and discipline special officers who have committed wrongful acts. Instead, the City and ACS have maintained a custom and practice of deliberate indifference to excessive and unnecessary force at juvenile facilities and inadequately staff or train the employees to prevent harm from juvenile-on-juvenile violence.

39.     As a result of City's and ACS's deliberate inaction, the excessive use of force has become pervasive in juvenile facilities operated by the City and ACS. This custom and practice was the moving force behind plaintiffs' injuries, and their demand to be made whole from those injuries, are subject of this Complaint.

40.     The City of New York's deliberate indifference to the unconstitutional conditions at Horizon is now such a well-known fact that it is a matter of which the court can take judicial notice.[1]  A news report also documented these incidents.[2]

41.     Even though City policymakers have long-known of the unconstitutional conditions at these facilities - from personal observations, prior lawsuits, public reports, governmental investigations, and the City's own internal investigations - City policymakers have utterly failed to take necessary steps to remedy the conditions at Horizon.  Plaintiffs' injuries were the direct causal connection between the city's deliberate indifference and the injuries inflicted on them by the defendants.  Despite being aware of

---

[1] The public reports of the court-appointed *Nunez* monitor lay out in detail the problems at Rikers. The Court can take judicial notice of those reports, which are publicly available at http://tillidgroup.com/projects/nunez-monitorship/#reports,     and     Plaintiff     hereby incorporates the facts conveyed in those reports into his Complaint.). In addition, there have been numerous lawsuits filed in the SDNY and Bronx State Courts that are incorporated in this complaint.
[2] https://nypost.com/2022/12/17/attacks-at-bronx-horizon-juvenile-center-on-the-rise/

this need for adequate hiring, training, staffing, disciplining, and need for more space for housing and separating high-risk inmates who are juveniles, the City failed to act over a decade which was the causal connection of that failure to the injuries suffered by plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Protect/Conditions of Confinement/Deliberate Indifference)

42.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43.     The defendants knew that the juveniles were planning attacks on the minor plaintiffs and that threats were made prior to the incident.

44.     Despite being aware of these threats, the individual Defendants did absolutely nothing to safeguard plaintiffs and failed to undertake any measures to prevent the assault on plaintiffs.

45.     Defendants were unable to protect plaintiffs because they were inadequately staffed and or trained or simply stood by while plaintiffs were assaulted.

## AS AND FOR A THIRD CAUSE OF ACTION
(Deliberate Indifference to Medical Needs)

46.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47.     Minor plaintiffs suffered major and life-threatening injuries after being attacked at Horizon.

48.     Their injuries required immediate medical care.

49.     However, the Horizon staff deliberately delayed medical care and when the Minors were given treatment, their injuries were minimized so to protect Horizon staff and employees.

50.     The lack of timely medical treatment and indifference to the seriousness of the injuries, the Minor plaintiffs continue and have suffered permanent damage to their well-being and overall health.

51.     As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Fourth and Fourteenth Amendment Violations)

52.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.     Defendants know that juvenile detainees and are not subjected to full body cavity search.

54.     Yet after every visit where the visitors (including lawyers) are thoroughly searched, the Minos plaintiff undergo a full body cavity search. At times they are digitally penetrated.

55.     The staff has openly said that "this is our policy".

56.     The search is also not conducted in private but in full view of other juveniles who subject the Minor plaintiffs to ridicule and humiliation.

57.     Such conduct violates the 4th and 14th amendment to the Constitution and leaves Minor plaintiffs to be permanently traumatized.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene)

58.     Plaintiffs repeat, reiterate and reallege each and every allegation  contained in the foregoing paragraphs as if fully set forth herein.

8

59.    The individual defendants knew that plaintiffs were in danger.

60.    Plaintiffs had informed these defendants about the threats that they faced from the ACS staff and from other juvenile inmates.

61.    Defendants knew about trouble brewing and had the time and opportunity to safeguard plaintiffs from harm.

62.    Defendants failed to take adequate measures such as increased staffing, maintaining an eye on imminent incidents.

63.    Despite knowing about the full risk to plaintiffs, defendants ignored them and left plaintiffs vulnerable to physical and mental assault from the defendants and other juvenile inmates.

64.    As a result, plaintiffs suffered permanent physical and mental injuries.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Retaliation-First Amendment)

65.    Plaintiffs repeat, reiterate and reallege each and every allegation  contained in the foregoing paragraphs as if fully set forth herein.

66.    Minor plaintiffs have begged their guardian not to report incidents of abuse at Horizon.

67.    They have repeatedly cried in front of their lawyers because they are scared out of their mind what would happen to them.

68.    These are not just ordinary fear instilled in young minors like the plaintiffs. These are facts. Staff have openly called out juveniles such as the minor plaintiffs when they report abuse.

69.    Staff label them as snitches to other juvenile detainees.

9

70.     These detainees in turn used actual violence, threats and ridicule to instill fear in the minor plaintiffs.

71.     Staff has also cautioned guardians from filing grievances or threat the well-being and safety of the minor detainees.

72.     Staff monitor emails, calls and mail to find out who is "snitching" against whom and pass along the information to other staff and juvenile inmates.

73.     Plaintiffs have suffered actual injuries for voicing their conditions of confinement.


**WHEREFORE**, Plaintiffs seeks judgment against the defendants individually, jointly, severally for compensatory and punitive awards to be determined by the jury for each and every cause of action, costs, expenses and attorney fees, and any other relief that the Court may deem just and proper and injunctive relief if necessary to enjoin ongoing constitutional violations.

**Dated:**   June 29, 2026
          New York, New York 10007



                                        VIK PAWAR, PLLC


                                        Vik Pawar,
                                        20 Vesey Street, Suite 500
                                        New York, NY 10007

                                        www.pawarlaw.com

10