**PAWAR LAW P.L.L.C.**

ATTORNEYS AT LAW

20 VESEY STREET SUITE 500
NEW YORK NEW YORK 10007

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.com

**MEMO ENDORSED**

July 3, 2026

**BY ECF**
The Honorable Katherine P. Failla
United States District Judge

Re: *Jane Doe 1 et al., v. The City of New York, et al.,* 26 CV 5506 (KPF (SN)

Dear Judge Failla:

I represent the plaintiffs in this action. For the reasons set forth below, I respectfully request that the Court permit the plaintiffs to proceed pseudonymously.

The legal guardians of three minors (young boys) have brought this lawsuit. This case is sensitive not only because it involves allegations of sexual abuse of minors (among other claims) but also because potential retaliation to these minors who are currently housed there.[1]

In determining whether the identities of parties must be disclosed, the court must "identify all of the factors that legitimately counsel against disclosure" and balance them against those that weigh in favor of disclosure; "[a]lthough the public's right is strong, it is not absolute." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). The factors may include where cases "involve[] highly sensitive and personal matters." *Doe v. N.Y. Univ.,* 20-cv-1343 (MKV), at *3 (S.D.N.Y. Mar. 22, 2023) and the "the risk of physical violence". See *Citgo Petroleum Corp. v. Starstone Ins. Se,* 1:21-cv-389-GHW, at *3 (S.D.N.Y. Nov. 9, 2023).

The Second Circuit has established a non-exhaustive list of ten factors to consider in the weighing such a request. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008). These include (1) whether the litigation involves matters that are highly sensitive and personal nature; (2) whether identification poses a risk of retaliatory

---

[1] I have reached out to the NYC Law Department, and I am hopeful discovery and investigation regarding the underlying allegations can proceed to ensure the safety of minor plaintiffs.

physical or mental harm; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously; (7) whether the plaintiffs identity has thus far been, kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008).

This lawsuit involves matters that are highly sensitive and personal in nature and could pose mental and physical harm to minor plaintiffs who are kept at Horizon Juvenile Detention Center. Minor Plaintiffs have been attacked numerous times by staff and other detainees with razors, knives and other sharp objects that the detainees purchase from the staff at Horizon. In addition, the minor plaintiffs have **begged** their parents to not report any abuse at Horizon because the staff at Horizon intercept mail, monitor emails and calls and if they suspect any juvenile who is complaining about the conditions at Horizon, the staff labels them as "snitches" and the other juvenile detainee assault the "snitches." In addition, plaintiffs' allegations include that they are subject to full body cavity search which requires the young boys to spread their butt-cheeks and at times are digitally penetrated and then further required to hold their genitalia in different ways all the while other juveniles are witnessing this humiliation. In fact, Horizon staff blatantly state that "this is our policy."

For the foregoing compelling reasons, I respectfully request that the Court permit plaintiffs to proceed pseudonymously. If the Court has any further concerns, I stand ready to address them. Otherwise, I respectfully request that the Court direct the Clerk of the Court to issue a summons so that the defendant City of New York can be served.

Thank you.

Respectfully,

**VIK PAWAR, PLLC**

Vik Pawar

Application GRANTED. Plaintiffs may proceed under pseudonyms.

The Clerk of Court is directed to terminate the pending motion at docket entry 4 and to issue the requested summonses.

Dated: July 6, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE